ELECTRONICALLY FILED
Randolph County Circuit Court
Debbie J. Wise, Circuit Clerk
2023-Oct-02 16:12:44
61CV-23-107
C03D01 : 9 Pages

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ARKANSAS
CIVIL DIVISION

MANUAL MOMENT                                                                                       PLAINTIFF

Vs.                                               No. 61CV-23-107

DOUGLAS JAMES MINTER;
TOUNDAS MARKETING GROUP, LLC
(d/b/a SPORTS MARKETING LLC TMG);
PAT CAPITAL, INC. (d/b/a TMG SPORTS
MARKETING); AND JOHN DOE NOS. 1-6                                                DEFENDANTS

## ANSWER OF DOUGLAS JAMES MINTER

Comes Separate Defendant Douglas James Minter, by and through his counsel, Barber Law Firm PLLC, and for his Answer to Plaintiff's Complaint, states:

1. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same at this time.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same at this time.

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same at this time.

5. Paragraph 5 of Plaintiff's Complaint requires neither an admission nor a denial. To the extent any allegations in paragraph 5 require a response, same is denied and Defendant demands strict proof thereof.

6. Paragraph 6 of Plaintiff's Complaint requires neither an admission nor a denial. To the extent any allegations in paragraph 6 require a response, same is denied and Defendant demands strict proof thereof.

7. Exhibit A referenced in paragraph 7 of Plaintiff's Complaint speaks for itself and requires neither an admission nor a denial. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint. Defendant further states that this case is removable to federal court based on complete diversity of the parties.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint. Defendant further states that this case is removable to federal court based on complete diversity of the parties.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant admits he was operating a 1999 Volvo TT truck at the time of the subject incident. Defendant specifically denies the remainder of the allegations contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant admits the 1999 Volvo TT truck involved in the subject accident was operated under his U.S. Department of Transportation #1927927. Defendant specifically denies the remainder of the allegations contained in said paragraph and demands strict proof thereof.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant admits that he was permitted to engage in interstate commercial transport at the time of the subject accident. Defendant specifically denies the remainder of the allegations contained in said paragraph and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. In response to paragraph 18 of Plaintiff's Complaint, Defendant admits that, on January 6, 2022, at the time of the subject collision, it was cloudy and there was snow on the ground. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in said paragraph and demands strict proof thereof.

19. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same at this time.

20. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same at this time.

21. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, denies the same at this time.

22. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, denies the same at this time.

23. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies the same at this time.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant admits there was an impact between a portion of his tractor and the tractor operated by Plaintiff. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in said paragraph and, therefore, denies the same at this time.

25. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same at this time.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendant admits he said in a written statement that his cruise control was set at 53/54 mph. Defendant denies the remainder of the allegations contained in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint and, therefore, denies the same at this time.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint and, therefore, denies the same at this time.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendant restates and realleges all denials and averments pled previously herein.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which Defendant cannot formulate a response. To the extent a response is required, Defendant denies a breach of any duty owed to Plaintiff.

33. Defendant specifically denies the allegations contained in paragraph 33 of Plaintiff's Complaint, including, but not limited to, all subparts contained therein, and demands strict proof thereof.

34. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, denies the same at this time.

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint and, therefore, denies the same at this time.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. Paragraph 37 of Plaintiff's Complaint does not appear to pertain to this Defendant. To the extent any allegation is meant to pertain to this Defendant, same is denied and Defendant demands strict proof thereof.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. In response to paragraph 39 of Plaintiff's Complaint, Defendant restates and realleges all denials and averments pled previously herein.

40. Paragraph 40 of Plaintiff's Complaint, including all subparts contained therein, appears to pertain to a wholly unrelated defendant with which Defendant has no relationship, association, or knowledge and to which he cannot respond. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

41. Paragraph 41 of Plaintiff's Complaint appears to pertain to a wholly unrelated defendant with which Defendant has no relationship, association, or knowledge and to which he cannot respond. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

42. Paragraph 42 of Plaintiff's Complaint appears to pertain to a wholly unrelated defendant with which Defendant has no relationship, association, or knowledge and to which he cannot respond. To the extent any response is required, same is denied and Defendant demands strict proof thereof.

43. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, denies the same at this time.

44. Paragraph 44 of Plaintiff's Complaint appears to pertain to a separate defendant to which Defendant has no relationship, association, or knowledge and cannot formulate a response. To the extent any response is required, same is denied, and Defendant demands strict proof thereof.

45. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 45 of Plaintiff's Complaint and, therefore, denies the same at this time.

46. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, denies the same at this time.

47. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiff's Complaint and, therefore, denies the same at this time.

48. In response to paragraph 48 of Plaintiff's Complaint, Defendant likewise demands a trial by jury of twelve (12) persons on any surviving genuine issue of material fact.

49. Paragraph 49 of Plaintiff's Complaint requires neither an admission nor a denial. To the extent any response is required, same is denied.

50. Defendant denies all prayers and requests contained in the WHEREFORE paragraph of Plaintiff's Complaint.

51. Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

52. Pleading affirmatively, Defendant states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible. Defendant affirmatively invokes the law of comparative fault both as a bar to Plaintiff's recovery and in diminution of Plaintiff's damages, if any.

53. Pleading further, Defendant states the Complaint fails to state facts upon which relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

54. Pleading further, Defendant states that Plaintiff's Complaint is expressly or impliedly pre-empted in whole or in part by federal law.

55. Pleading further, Defendant states that Plaintiff's damages, if any, were solely and proximately caused by the negligence or fault of Plaintiff or other parties, persons, or entities for whose negligence or fault Defendant is not legally liable or responsible, and that such acts constitute an intervening and superseding proximate cause relieving Defendant of any liability to Plaintiff.

56. Defendant specifically pleads all available defenses to it pursuant to Rule 8 of the Arkansas Rules of Civil Procedure, including, but not limited to, accord and satisfaction; arbitration and award; comparative fault; discharge in bankruptcy; duress; estoppel; exclusiveness of remedy under workman's compensation law; failure of consideration; fraud; illegality; injury

by fellow servant; laches; license; payment; release; res judicata; set-off; statute of frauds; statute of limitations; waiver; failure to mitigate damages; exacerbation of a pre-existing condition; lack of medical causation; act of God, and any other matter constituting an avoidance or affirmative defense.

57. Defendant specifically pleads all affirmative defenses available to him under the Civil Justice Reform Act of 2003, Ark. Code Ann. §16-55-201, et seq.

58. This Answer is being filed without the benefit of discovery, and Defendant therefore reserves the right to plead further upon discovery of additional information, including, but not limited to, an Amended Answer, Motion to Dismiss, Motion for Summary Judgment, and any other appropriate pleading.

WHEREFORE, having fully answered, Defendant Douglas James Minter prays that Plaintiff's Complaint be dismissed with prejudice, for his costs incurred and expended herein, and for any and all other just and proper relief to which he may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175
cfairley@barberlawfirm.com

By   /s/ *J. Carter Fairley*
        J. Carter Fairley    Ark. Bar No. 99068

*ATTORNEYS FOR DEFENDANT*
*DOUGLAS JAMES MINTER*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2023, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system which shall send notification of such filing to the following counsel:

Jordan "JP" Phillips
Bobby McDaniel
McDaniel Law Firm, PLC
400 South Main Street
Jonesboro, AR 72401
jp@mcdaniellawyers.com
bobby@mcdaniellawyers.com

/s/ *J. Carter Fairley*
J. Carter Fairley